**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ORLANDO YOUNG**                                             CIVIL ACTION

**VERSUS**                                                           NO. 18-2527

**JERRY GOODWIN, WARDEN**                      SECTION: "E"(5)

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.    *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

### Procedural History

Petitioner, Orlando Young, is a convicted inmate currently incarcerated at the David Wade Correctional Center in Homer, Louisiana.    In December 2011, he was charged with possession of over 28 grams of cocaine.[1]    On June 19, 2012, a jury found him guilty as

---

[1] State Rec., Vol. 1 of 9, Bill of Information, Parish of Jefferson.    The bill of information set forth a violation of La. R.S. 40:967 F, "in that he did knowingly or intentionally possess a controlled dangerous substance, to wit: Cocaine in excess of 28 to 200 grams."

charged.[2]    On June 22, 2012, he was sentenced to serve a term of 20 years, the first five

years without the benefit of probation, parole or suspension of sentence.    The trial court

also imposed a $50,000 fine and ordered him to pay a $35.00 IDB fee.[3]    That same day, the

State filed a multiple-offender bill of information charging him as a second-felony offender.

Young entered a waiver of rights and plea of guilty to the multiple bill.    The trial court

vacated the original sentence and resentenced him as a second-felony offender to a term of

20 years without benefit of probation or suspension of sentence, along with imposition of

the same fine and fee.[4]

    Young moved for an out-of-time appeal, which was granted.[5]    On direct appeal, he

asserted that the trial court erred in denying his motion to suppress the evidence and

statements.    On April 9, 2014, the Louisiana Fifth Circuit Court of Appeal affirmed his

conviction and adjudication as a second-felony offender. [6]    On December 8, 2014, the

Louisiana Supreme Court denied his application for writ of certiorari.[7]

---

[2]  State Rec., Vol. 1 of 9, Minute Entry, 6/19/12.

[3]  State Rec., Vol. 1 of 9, Minute Entry, 6/22/12.

[4]  State Rec., Vol. 1 of 9, Minute Entry 6/22/12 (separate entry for multiple-offender sentencing).

[5]  State Rec. Vol. 1 of 9, Motion for Out-of-Time Appeal and Order, 4/11/13.

[6]  *State v. Young*, 2013-KA-745 (La. App. 5 Cir. 4/9/14), 140 So.3d 136; State Rec., Vol. 3 of 9.    The court of appeal amended the sentence to delete the monetary fine and affirmed the sentence as amended.    The appellate court also noted that even if the sentence was illegally lenient for not specifying that the first five years must be served without benefit of parole, the restriction is statutorily effective nonetheless (La. R.S. 15:301), and no corrective action is necessary on patent review.    *Id*. at 140 n. 2.

[7]  *State ex rel. Young v. State*, 2014-KO-1002 (La. 12/8/14), 153 So.3d 439; State Rec.,

On December 3, 2015, counsel for Young filed an application for post-conviction relief on his behalf in the state district court.[8]     In that application, he raised the following claims: (1) trial counsel was ineffective for failing to request the identity of the confidential informant who supplied the information used to obtain the search warrant; (2) the bill of information was defective and counsel was ineffective for not filing a motion to quash it; (3) trial counsel was ineffective for failing to sufficiently cross-examine Detective Wimberly about the *Miranda* warning; (4) a conflict of interest existed between Young and his trial counsel; and (5) the evidence was insufficient to support the conviction.     On February 16, 2016, the state district court denied his application for post-conviction relief.[9]     The district court denied the ineffective-assistance-of-counsel claims on the merits and rejected the sufficiency claim and the defective bill of information claim as procedurally barred under Louisiana Code of Criminal Procedure article 930.4(C), because Young failed to pursue the claims on appeal.     The record shows that the order was personally served on Young's counsel two days later, on February 18, 2016, and also on Young via domiciliary service at the prison on February 26, 2016.

On April 1, 2016, counsel of record on behalf of Young filed a Notice of Intent to Seek Supervisory Writs from the February ruling.[10]     In the notice, counsel explained that

---

Vol. 3 of 9.

[8]  State Rec., Vol. 5 of 9, Application for Post-Conviction Relief and Memorandum in Support.

[9]  State Rec., Vol. 5 of 9, State District Court Order, 2/16/16.

[10]  State Rec., Vol. 5 of 9, Notice of Intent, 4/1/16.

although she was served with the district court's ruling denying post-conviction relief two days after the order was signed, she had not been retained to file a supervisory writ application on his behalf, and that Young himself never received the ruling and only learned about it through counsel on March 31, 2016.    Despite counsel's suggestion that the record contained no proof of service on Young, the district court noted clear indication of personal service on Young on February 26, 2016, and denied the notice of intent to seek writs from the February 16, 2016 ruling as untimely.[11]    On April 22, 2016, counsel for Young filed a Notice of Intent to Seek Supervisory Writs from the ruling of April 6, 2016, which rejected Young's notice of intent from the February 16, 2016 ruling (denying post-conviction relief) as untimely.    The district court granted the request and ordered writs returnable to the state circuit court of appeal on or before May 25, 2016.[12]    On May 25, 2016, counsel for Young filed a supervisory writ application with the Louisiana Fifth Circuit Court of Appeal. The application was denied on June 23, 2016.[13]    The appellate court ruled that under Rule 4-3 of the Uniform Rules-Courts of Appeal, the first notice of intent was filed untimely, well-beyond 30 days from the district court's February 16, 2016 order, and Young failed to show that the delay in filing was not due to his fault since the record showed that he and his counsel were both served with the order in February.    In denying relief, the court of appeal concluded that "on the showing made, we find that the trial court did not err in its denial of

---

[11]  State Rec., Vol. 5 of 9, Order, 4/6/16.

[12]  State Rec., Vol. 5 of 9, Order, 4/25/16.

[13]  State Rec., Vol. 5 of 6, *State v. Young*, 16-KH-306 (La. App. 5 Cir. June 23, 2016).

relator's April 1, 2016 Notice of Intent to review the trial court's February 16, 2016 ruling on relator's application for post-conviction relief as untimely."    On July 22, 2016, Young's counsel filed a related supervisory writ application with the Louisiana Supreme Court.[14] That writ application was likewise denied on January 9, 2018.    In a per curiam, the Louisiana Supreme Court found that Young "fails to show he was denied access to the courts by an arbitrary and unjustified enforcement of the uniform rules governing the filing of applications in the court of appeal, and thus shows no error."[15]

On March 7, 2018, Young filed his federal application for habeas corpus relief in which he raises the same claim asserted on direct appeal regarding the improper denial of his motion to suppress, as well as the claims for relief raised in the state courts on collateral review.[16]    The State's response argues that the federal application is untimely and that the majority of his claims (with the exception of the sole claim raised on direct appeal) are unexhausted and procedurally defaulted because he can no longer assert them in the state courts.[17]    Finally, the State notes that even if the Fourth Amendment/suppression claim raised on direct appeal was not untimely, it is not cognizable on federal habeas review.

---

[14]  State Rec., Vol. 9 of 9, Louisiana Supreme Court Application for Supervisory Writs, No. 16-KP-1388.

[15]  State Rec., Vol. 9 of 9, *State v. Young*, 2016-KP-1388 (La. 1/9/18), 232 So.3d 548.

[16]  Rec. Doc. 3, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus.

[17]  Rec. Doc. 6.

**Facts**

On direct appeal, the Louisiana Fifth Circuit summarized the facts adduced at trial as

follows:

> On November 8, 2011, Officer David Schlueter of the Kenner Police
> Department Narcotics Investigations Section, and other officers initiated an
> investigation of a residence located at 904 27th Street in Kenner after
> receiving information from a confidential informant ("CI") that a black male,
> with several tattoos on his neck, face, and arms, was selling crack cocaine from
> that residence. They followed up on the information they received by
> conducting a controlled buy of crack cocaine from 904 27th Street utilizing the
> CI.
>
> The controlled buy was conducted outside the residence during nighttime
> hours. The CI purchased an off-white, rock-like object, which field tested
> positive for cocaine. Because it was dark, the officers were not able to identify
> the black male who sold cocaine to the CI. After the controlled buy, Officer
> Schlueter obtained a search warrant for the residence located at 904 27th
> Street, authorizing the search of the premises and anyone located on or in the
> premises.
>
> The search warrant was executed on November 17, 2011. The officers entered
> the residence and found two adults, defendant and Precious Robinson, and
> seven children in the premises. Defendant was lying on a couch in the living
> room when officers entered. After the residence was secured, Detective
> Wimberly brought defendant to the rear bedroom while Ms. Robinson and the
> children remained in the living room.
>
> Detective Wimberly advised defendant of his *Miranda* rights and defendant
> stated that he understood his rights and waived them. Detective Wimberly
> advised defendant that this was a narcotics investigation and that they had a
> search warrant for the residence. Detective Wimberly told defendant that
> since Ms. Robinson and the children were present, it might be better to
> cooperate to save the officers from having to "tear through the house."
> According to Detective Wimberly, defendant advised him that Ms. Robinson
> had nothing to do with the investigation and that he did have narcotics in the
> house. Defendant led Detective Wimberly to the couch in the living room and
> pointed to the pullover sweater on the couch and stated, "It's in there."
> Detective Wimberly testified that defendant told him that the sweater
> belonged to him. Detective Wimberly picked up the sweater, reached into the
> pocket, and recovered a clear bag of off-white, rock-like objects, consistent
> with crack cocaine. Because defendant showed Detective Wimberly where the

narcotics were located, the officers did not search anywhere else in the residence. Defendant was arrested and taken into custody.[18]

## Analysis

A. *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."    28 U.S.C. § 2244(d)(1)(A).[19] With regard to finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir. 2006); *Roberts*, 319 F.3d at 693.

---

[18]  *State v. Young*, 140 So.3d at 139-141 (footnote and citation omitted).

[19]  Section 2244(d)(1) includes alternate provisions for other events that can trigger the commencement of the statute of limitations, which do not apply in this case.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

Young's state criminal judgment became final, for federal limitations purposes, on March 9, 2015 when his time limit expired for seeking review in the United States Supreme Court (*i.e.*, 90 days after the Louisiana Supreme Court's decision denying his writ of certiorari).[20]     Under a plain reading of the statute, the AEDPA one-year limitations period commenced on that date and expired on March 9, 2016, unless that deadline was extended through tolling.

>      B.     *Statutory Tolling*

The one-year limitations period is subject to statutory tolling for the time during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).     A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.' " *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *see also Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000) (a matter is "pending" for Section 2244(d)(2) purposes until " 'further appellate review [is] unavailable under [Louisiana's] procedures.' ").

---

[20]   Because the 90th day of the period fell on a Sunday, he had until the following day, Monday March 9, 2015 to seek review by the United States Supreme Court.     *See* Rules of the Supreme Court of the United States, Rule 30 ("In the computation of any period of time prescribed or allowed by these Rules, by order of the Court, or by an applicable statute, the day of the act, event, or default from which the designated period begins to run is not included. The last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday listed in 5 U. S. C. § 6103, or day on which the Court building is closed by order of the Court or the Chief Justice, in which event the period shall extend until the end of the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the Court building is closed.").

In order for a state application to be considered "properly filed" for purposes of §2244(d)(2), the delivery and acceptance of the application must be in compliance with the applicable state laws and rules governing filings.    *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (citing *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364 (2000)).    "These rules usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."    *Artuz*, 531 U.S. at 8 (footnote omitted).    A post-conviction motion that is untimely under state law has no statutory tolling effect because it is not considered properly filed for § 2244(d)(2) purposes.    *See Pace*, 544 U.S. at 414.    The United States Supreme Court has held that "time limits, no matter their form, are 'filing' conditions"; when the state courts have rejected a state application as untimely, it cannot be considered "properly filed" so as to entitle the petition to statutory tolling.    *Id*. at 417.    Accordingly, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."    *Id*. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)).

Young's conviction became final on March 9, 2015.    After allowing 268 days to run, Young filed a counseled application for post-conviction relief with the state district court on December 3, 2015.    That application was denied on February 16, 2016.    Pursuant to Rule 4-3 of the Uniform Rules—Courts of Appeal, Young had thirty 30 from the date of the ruling in which to request a return date and file a supervisory writ application with the court of appeal.    He did not do so.    Thus, the one-year limitations period remained tolled while his properly filed post-conviction application was pending before the state district court and

for 30 days after the ruling, or until March 17, 2016, during which time he had the right to file a supervisory writ application with the intermediate appellate court.    *See Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765, 770 (5th Cir. 2004) (citing *Saffold*, 536 U.S. at 219-20, 122 S.Ct. 2134; *accord*, *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001)).

On April 1, 2016, counsel for Young filed a notice of intent to seek supervisory writs to the court of appeal and requested a return date to be fixed by the trial court.    The notice alleged that counsel was served with the order denying post-conviction relief on February 18, 2016, but had not been retained at the time to file a supervisory writ application on Young's behalf.    The notice further alleged that Young was unaware of the ruling even though an attempt to serve him was made by the Court, and he first learned about the denial through counsel on March 31, 2016.    On April 6, 2016, the trial court denied the notice of intent to seek writs as untimely.

On April 22, 2016, counsel filed another notice of intent, this time seeking review of the April 6, 2016 ruling denying as untimely his attempt to seek writs from the February 16, 2016 order denying post-conviction relief.    The trial court granted Young until May 25, 2016 to seek supervisory writs from the April 6, 2016 ruling.

Counsel for Young filed an application for supervisory writs with the court of appeal on May 25, 2016.    The writ application requested that the court of appeal review both the April 6, 2016 ruling denying his notice of intent to seek supervisory writs and the February 16, 2016 ruling denying his application for post-conviction relief "in the interest of justice, his constitutional right to due process and judicial economy."    The court of appeal considered only the first issue – whether the trial court properly denied the notice of intent

10

as untimely under Rule 4-3, and denied Young's counseled application on June 23, 2016.    In

denying relief, the appellate court noted the official record shows that the notice of intent

was filed more than 30 days after the trial court's post-conviction ruling even though counsel

was personally served with the order on February 16, 2016, and service was made on Young

by domiciliary service at the prison on February 26, 2016.    Thus, the court of appeal

concluded "relator fails to demonstrate that service upon counsel of record was improper or

that the delay in filing of the original Notice of Intent was not due to his fault."

Counsel for Young challenged that ruling in the Louisiana Supreme Court by

supervisory writ application filed on July 22, 2016.    The Louisiana Supreme Court denied

the writ, stating "[r]elator fails to show he was denied access to the courts by an arbitrary

and unjustified enforcement of the uniform rules governing the filing of applications in the

court of appeal and thus shows no error."[21]    In light of the fact that the underlying notice of

intent from the ruling denying post-conviction relief was untimely, neither state appellate

court ever reached, much less considered, the merits of his post-conviction claims for relief.

The State argues that Young had no "properly filed" applications for collateral review

pending in the state courts after his post-conviction relief application was denied and the

time for seeking review of that ruling expired on March 17, 2016.    The State contends that

because Young is not entitled to tolling credit for the untimely notice of intent, untimely

intermediate writ application or untimely Supreme Court writ, the one-year federal

limitations period continued to run from March 17, 2016, until it expired 96 days later on

---

[21]    *State v. Young*, 2016-KP-1388 (La. 1/9/18), 232 So.3d 548.

11

June 21, 2016.    Consequently, Young's federal application filed on March 7, 2018, is untimely.    Young argues only that he should be entitled to equitable tolling.[22]

In order for the Court to find this federal application timely, the Court would have to determine that Young was entitled to tolling for the time that his supervisory writ application was pending with the intermediate court of appeal.    However, the Court cannot conclude that his application was "properly filed," so as to be afforded any tolling credit.    As the state courts ruled, Young did not comply with the procedural requirements set forth in the Uniform Rules for the Louisiana Courts of Appeal (Rule 4-3) for seeking supervisory review of the order denying his application for post-conviction relief.    He did not obtain either a timely return date or extension.    Nor did he file a supervisory writ application with the court of appeal within the time-frame allowed under state law, a failure that precluded review by the appellate courts of his post-conviction relief claims challenging his criminal conviction and sentence.    The state appellate courts unambiguously determined that his writ application was not timely filed pursuant to state procedural law and never considered the merits of his substantive claims for post-conviction relief.

Young's application for state post-conviction relief ceased to be "pending" on March 17, 2016, for purposes of tolling the remaining limitations period, when his period expired for seeking review of the district court's post-conviction ruling denying relief. [23]

---

[22] Rec. Doc. 3-1, p. 18.

[23] Young's contention that he did not receive notice is irrelevant and does not alter the conclusion that he had nothing pending for purposes of statutory tolling.    *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) ("Even if we accept [Petitioner's] contention that he did not receive notice… the state petition was not 'pending' during the subsequent…

Thereafter, he had no "properly-filed" post-conviction review proceeding with respect to the pertinent judgment or claims pending before the state courts.    His April 1, 2016 notice of intent to seek writs from the February 16, 2016 denial of PCR was rejected on April 6, 2016 as untimely.    Although he was subsequently granted until May 25, 2016 to file supervisory writs from the April 6, 2016 ruling denying his notice of intent stemming from the post-conviction relief denial as untimely,[24]  and he included the substantive post-conviction relief claims in that writ application, the court of appeal *did not* consider those substantive claims on the merits because it concluded that the writ application as to the post-conviction denial of relief was not properly, timely filed under Rule 4-3.    The hybrid nature of the writ application challenging the denial of the notice of intent as untimely and the denial of the substantive post-conviction relief claims does not change the fact that the writ application challenging the pertinent judgment or claims was untimely filed and could not be considered. In contrast to situations addressed by the United States Fifth Circuit Court of Appeals that involved ambiguous state-court orders denying late-filed writ applications, *see e.g.*, *Grillette v. Warden, Winn Correctional Center*, 372 F.3d 765 (5th Cir. 2004); *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001), the state appellate court in this case unambiguously resolved that Young had not shown that the delay in filing was not due to his fault, thereby precluding

---

delay").

[24]   The Court notes that Young's subsequent notice of intent cannot be construed as a request for an extension of time to seek writs from the February 16, 2016 order denying post-conviction relief because it was not filed within the original 30-day period or an extended return date period as the state procedural rule requires for an extension, and the district court had already explicitly rejected the attempt to seek supervisory writs from that post-conviction relief ruling as untimely.

consideration of the merits of the post-conviction relief claims.[25]    Thus, Young receives no tolling credit for the untimely writ application, seeking review of the district court's post-conviction ruling, filed with the intermediate court.    *Pace*, 544 U.S. at 414; *Wardlaw v. Cain*, 541 F.3d 275 (5th Cir. 2008); *Murphy v. Cooper*, Civ. Action No. 12-1339, 2012 WL 5463864, at *3 (E.D. La. Oct. 1, 2012), *report and recommendation adopted*, 2012 WL 5463857 (E.D. La. Nov. 8, 2012); *Campbell v. Cain*, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 (E.D. La. Aug. 15, 2007).

In sum, almost nine months passed after Young's conviction became final before his retained attorney filed an application for post-conviction relief in the state district court. Because the one-year limitations period was not tolled during that time, 268 days were allowed to run.    The clock was tolled while that properly-filed post-conviction application was pending, but started to run again on March 17, 2016, 30 days after the district court denied his application for post-conviction relief when he failed to seek timely review. Because the court of appeal determined that the supervisory writ application challenging the district court's post-conviction ruling was not timely filed within the time required by the Uniform Rules, Courts of Appeal, it did not further toll the limitations period.    Thus, another

---

[25]    Rule 4-3 states that "[a]n application not filed in the appellate court within the time so fixed or extended shall not be considered, in the absence of a showing that the delay in filing was not due to the applicant's fault."    Rule 4-3, Uniform Rules—Courts of Appeal. On federal habeas review, this Court should give deference to the state court's clear determinations when applying state procedural law that an application is not "properly filed" and not subject to merits review.    *See Melancon v. Kaylo*, 259 F.3d at 405 n 3 (citing *Villegas v. Johnson*, 184 F.3d 467, 471 (5th Cir. 1999) ("we find it unlikely that Congress intended its tolling provision to result in indifference to, or even interference with, a given state's handling of petitions for post-conviction relief.").

126 days ran before counsel for Young filed a supervisory writ application with the Louisiana Supreme Court on July 22, 2016.    However, by this point, a total of 394 days had run and the one-year federal limitations period had already expired.    The Louisiana Supreme Court writ application could not possibly afford him any tolling benefit.[26]    *See Madden v. Thaler*, 521 F. Appx. 316, 320 (5th Cir. 2013); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Magee v. Cain*, Civ. Action No. 99–3867, 2000 WL 1023423, at *4, *aff'd*, 253 F.3d 702 (5th Cir. 2001) (citing *Williams v. Cain*, Civ. Action No. 00–536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000)).    Simply put, once the federal limitations period expired, "[t]here was nothing to toll." *Butler,* 533 F.3d at 318.    His federal application is therefore untimely despite affording him the applicable statutory tolling credit pursuant to § 2244(d)(2).

C.  *Equitable Tolling*

The AEDPA's one-year statute of limitations may also be subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010).    A petitioner seeking equitable tolling must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)); *see also Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (petitioner bears the burden of proof to establish entitlement to equitable tolling).    As to the second prong, the Court in *Holland* held that typically "a petitioner must bear the risk of attorney error," but this is

---

[26]  The State contends that because the Louisiana Supreme Court writ application was not properly filed, it did not afford him any tolling benefit.    The Court need not decide whether that supervisory writ application was properly filed because it could not toll the already-expired one-year limitations period regardless.

subject to some limits where the attorney's "professional misconduct" could "amount to egregious behavior and create an extraordinary circumstance that warrants equitable tolling." *Id*. at 650–51.    The Supreme Court distinguished "far more serious instances of attorney misconduct" by petitioner's attorney in *Holland* from "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline [that] does not warrant equitable tolling." *Id*. at 651–52 (internal quotation marks and citations omitted).

Young does not explain why equitable tolling applies in this case.    However, the Court will address briefly the issue of attorney negligence in an abundance of caution should Young suggest that he is entitled to equitable tolling due to retained counsel's purported oversight in timely filing his supervisory writ application with the state appellate court. For the following reasons, the argument should be rejected.

First, Young has not demonstrated that the oversight is even attributable to counsel. Young does not dispute that counsel discharged the only duty she was responsible for performing at the time, which was to file the application for post-conviction relief with the district court on Young's behalf.    Young's attorney submitted the signed contract executed by Young's mother to show that no agreement existed at that time between Young and retained counsel to seek supervisory writs with the intermediate court.[27]    Furthermore, notice of the district court's denial of post-conviction relief was served on Young as well as counsel.    His reliance on counsel to provide additional notice of the denial was therefore

---

[27]  State Rec., Vol. 9 of 9, Supreme Court Application for Supervisory Writs, No. 2016-KP-1388, Exhibit A.

misplaced.

Second, even if it were considered an omission on the part of counsel, that sort of attorney error falls within the rubric of a "garden variety claims of excusable neglect." *Id.* Missing a filing deadline hardly constitutes egregious misconduct like the Supreme Court in *Holland* painstakingly distinguished on the facts of that particular case.[28] *Holland*, 560 U.S. at 652-53 (2010).    Young does not cite any precedent to show the applicability of equitable tolling in circumstances similar to his.    Moreover, federal jurisprudence does not support equitable tolling in such instances.    *See*, *e.g.*, *Lawrence v. Florida*, 549 U.S. 327, 336-337, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007) (rejecting the petitioner's contention that "his counsel's

---

[28]    In *Holland*, the Court explained:

> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired—two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

> *Holland*, 560 U.S. at 652-53 (2010).

mistake in miscalculating the limitations period entitle[d] him to equitable tolling." "Attorney miscalculation," the Court held, "is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.") (citing *Coleman v. Thompson*, 501 U.S. 722, 756–757, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)); *Smith v. Commissioner, Alabama Dept. of Corr.*, 703 F.3d 1266, 1271 (11th Cir. 2012) (finding no error in the district court's determination that the circumstances surrounding his attorneys' failure to pay the state court filing fee or file an *in forma pauperis* motion entitle him to equitable tolling of the federal filing deadline); *Brown v. Thaler*, 455 F. Appx. 401, 2011 WL 6156883, at *3 (5th Cir. 2011) (no equitable tolling due to attorney error and mistake in numbering a document that led to the failure to file a petition for discretionary review before the state filing deadline had passed).    Even if Young's attorney had failed to notify him and missed a filing deadline, it would not constitute the type of extraordinary circumstance that would warrant equitable tolling under *Holland*.[29]

To the extent Young may suggest equitable tolling applies because he received delayed notice regarding the district court's order denying post-conviction relief, the argument should be rejected.    As the state district court found and the Louisiana Fifth Circuit affirmed, the official record reflects a service return showing that a copy of the February 16, 2016 order was served on Young at his address of record (Dixon Correctional Center) by domiciliary service on February 26, 2016.    In his writ application to the Louisiana Fifth Circuit Court of Appeal, Young acknowledged that a jail employee signed

---

[29]  Having found no exceptional circumstances existed, the Court need not reach the diligence prong.

certifying that Young was served, but argued this does not prove he was ever notified. Young claims that he never received the Order.    Notably, Young presented no proof that he did not receive the notice.    For these reasons, Young has failed to demonstrate entitlement to equitable tolling of the AEDPA's statute of limitations.

   D. *Actual Innocence*

   In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations."    *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]"    *Id.*    To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v.Delo*, 513 U.S. 298, 324, 327 (1995).    Young does not invoke *McQuiggin*.    Nor has he made a colorable showing that he is actually innocent in light of "new evidence."[30]

---

[30]   Additionally, the State argues that this is a mixed petition because although Young asserted two of his claims on direct appeal to the highest court in the state, he did not fairly present and therefore exhaust the claims raised on post-conviction review at each level of review, including the Louisiana Supreme Court.    "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court."    *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)).    At a minimum, he did not fairly present his claims to the intermediate court of appeal since he failed to follow state procedural rules regarding timeliness that effectively precluded an adjudication on the merits.    As such, it appears that he did not fairly present his claims to *each* appropriate state court, as required by law. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).    However, given the overriding issue of untimeliness, the Court need not address the failure to exhaust at this time.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Young's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[31]

New Orleans, Louisiana, this ___22nd___ day of _____October_____, 2018.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.